UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL J. WOLD,

    Defendant.

CASE NO. CR03-306C

ORDER

        This matter comes before the Court as a result of a limited remand of the Ninth Circuit Court of Appeals (Memorandum, No. 04-30409), ordered on January 13, 2006 pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc) and *United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error—*see United States v. Booker*, 125 S. Ct. 738 (2005)).

        In accord with the limited remand procedures adopted in *Ameline*, each party may file a supplemental pleading addressing the sole question of whether the Court's sentencing decision would have been "materially different" had the Court known that the Sentencing Guidelines were advisory. 409 F.3d at 1079. The Court is mindful that the burden of proof is on Defendant to prove the positive of the stated proposition, and the Court assumes that the burden is by a preponderance of the evidence. The

ORDER – 1

parties shall limit their supplemental pleadings to information available as of the original sentencing date. However, the parties are permitted to advance sentencing arguments previously barred or deemed "not ordinarily relevant" under pre-*Booker* Guideline analysis. Counsel should be mindful that the question at this point is not whether Defendant *should* have received a different sentence. Those questions may be addressed if a resentencing is ordered. Additionally, other "new" information may be appropriately considered during a resentencing if one is ordered.

On review of the aforementioned pleadings, the presentence investigations, and transcripts of the sentencing, the Court will either grant resentencing, deny resentencing, or order oral argument or an evidentiary hearing on whether there should be a resentencing. If the Court determines that resentencing is warranted, the Court will vacate the sentence and schedule a new sentencing hearing with Defendant present and define the procedures to be followed and information to be considered in a resentencing. If the Court concludes that the sentencing decision would not have been materially different, the Court will deny resentencing with an appropriate explanation, in accordance with the dictates of *Ameline*. If the Court finds that oral argument is necessary before it can rule on the issue of whether resentencing is warranted, a hearing will be scheduled after review of the supplemental pleadings.

Filing of the supplemental pleadings described above shall proceed as follows:

(1) Defendant may file an opening brief, not to exceed 10 pages.

(2) The Government may file a responsive brief, not to exceed 10 pages.

(3) The Defendant may file a reply, not to exceed 5 pages. The reply date will also be the noting date.

//
//
//
//
//

ORDER – 2

1   The Court will allow the parties to suggest a reasonable briefing schedule of due dates for the
2   opening brief, the response, and the reply. Accordingly, the parties are DIRECTED to submit a mutually
3   agreeable briefing schedule for approval by the Court no later than Friday, March 24, 2006.
4   The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
5   record and to any party appearing *pro se* at said party's last known address.
6   SO ORDERED this 10th day of March, 2006.

*[signature: John C. Coughenour]*

John C. Coughenour

United States District Judge

ORDER – 3