UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. WOLD,<br><br>Defendant. | CASE NO. CR03-306C<br><br>ORDER |

This matter comes before the Court as a result of a limited remand of the Ninth Circuit Court of Appeals (Memorandum, No. 04-30409), ordered on January 13, 2006 pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc) and *United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error—*see United States v. Booker*, 125 S. Ct. 738 (2005)).

In accord with the limited remand procedures adopted in *Ameline*, the parties have submitted supplemental pleadings (Dkt. Nos. 32, 33, and 34) addressing the sole question of whether the Court's sentencing decision would have been "materially different" had the Court known that the Sentencing Guidelines were advisory. 409 F.3d at 1079. The burden of proof is on Defendant to prove the positive of the stated proposition, and the Court assumes that the burden is by a preponderance of the evidence.

ORDER – 1

On review of the aforementioned supplemental pleadings, the presentence investigation and reports, the original sentencing memoranda and supplements thereto, the transcript of the sentencing hearing, the judgment, and the file and events of the entire proceeding, the Court finds and rules as follows.

Defendant Michael J. Wold was part of a group that agreed to participate in a scheme to defraud U.S. Bank, Washington Mutual, Bank of America, Key Bank, and Boeing Employees Credit Union. This scheme involved using victims' personal identities—including names, Social Security numbers, and false identity documents with photos of the victims—to access existing checking and savings accounts at the banks. Participants used the status of "account holder" to cash and deposit counterfeit checks, either getting "cash back" on deposits or withdrawing funds before the checks bounced. On or about May 30, 2003, Defendant deposited a counterfeit payroll check in the amount of $3,563.19 at the North Seattle branch of U.S. Bank in Seattle, Washington. The check was drawn on the Key Bank account of Dave Poletti & Assoc. Inc., and was deposited into the account of J.A.

Defendant ultimately pled guilty to Count 16 of a 16-count Indictment, charging bank fraud in violation of 21 U.S.C. § 1344. The penalties for the charge of bank fraud, as charged in Count 16 of the Indictment, include (1) up to 30 years in prison, (2) a fine of up to $1 million, (3) a period of supervision following release of up to 5 years, and (4) a penalty assessment of $100.00. The parties stipulated that the amount of loss was more than $120,000 but less than $200,000 for purposes of calculating the guideline range. The parties also stipulated to the fact that Defendant possessed more than 5 fraudulent means of identification during the scheme.

The original sentencing memoranda indicate that the parties agreed on an offense level of 15 and a criminal history category of VI. The criminal history category is a result of the following offenses: violation of a no-contact order, fourth-degree assault, assault, possession of stolen property, taking a motor vehicle without permission (twice), identity theft, forgery, criminal possession of a forged instrument, and theft II. Apparently, the current offense as well as prior offenses are in part a result of

ORDER – 2

Defendant's dependence on illicit drugs.

The combination of the offense level of 15 and the criminal history category of VI resulted in a guideline range of 41–51 months. Probation recommended a mid-range sentence of confinement of 46 months. Pursuant to the original sentencing memoranda, the Government also requested a mid-range sentence of 46 months, but Defendant originally recommended 41 months.[1] On October 1, 2004, this Court sentenced Defendant to 46 months of confinement and 5 years of supervised release, finding the justification for the sentence as that set forth in the presentence report.

This Court is required to "impose a sentence sufficient, but not greater than necessary" to accomplish the following: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). In addition to the foregoing, § 3553(a) sets forth a number of other factors that the Court shall consider, including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available and the sentencing range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* That the guidelines are but one of several factors after *Booker* does not mean that they are irrelevant. Further, a sentence may be entirely reasonable either within or outside the guideline range.

---

[1] Following these original recommendations, the parties submitted *supplemental* sentencing memoranda in the wake of the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Defendant argued for a criminal history category of I, rather than VI, attempting to apply Ninth Circuit cases about offense level to the calculation of criminal history. A criminal history category of I would have resulted in a guideline range of 18–24 months. The Government argued that the Ninth Circuit law was that prior convictions, whether stipulated or not, did not have to be proven beyond a reasonable doubt for the Court to use them in sentencing, and maintained that the proper range was 41–51 months, corresponding with the criminal history category of VI. At the sentencing hearing, this Court heard argument on this point and ruled that then-current Ninth Circuit law required the Court to find a criminal history category of VI and did not apply *Blakely* to that analysis. (*See* Sentencing Transcript 2–6.)

ORDER – 3

This Court has fully considered the arguments made by Defendant that (1) even without actually recalculating the criminal history category, Defendant's criminal history may have been differently considered by the Court because some of his history involved non-theft related crimes; and (2) Defendant's drug addiction and a psychological evaluation might have resulted in a downward departure that was not previously allowed under § 5K2.13. However, on the facts of this case, the Court finds that a sentence of 46 months is reasonable, as well as "sufficient, but not greater than necessary" to meet the dictates of § 3553.

Upon review of the record in light of the factors set forth in § 3553, the Court finds that the sentence imposed would *not* have been materially different had the Court known at the time of Defendant's sentencing that the Sentencing Guidelines were advisory and not mandatory. Accordingly, Defendant's request for resentencing is DENIED.

SO ORDERED this 2nd day of June, 2006.

John C. Coughenour
United States District Judge

ORDER – 4